UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. GAVITT,

    Plaintiff,

v.

IONIA COUNTY, ET AL.,

    Defendants.

_____/

Case No. 14-12164

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY [33]**

    This is a civil rights case brought pursuant to 42 U.S.C. § 1983. On June 2, 2014, Plaintiff David Gavitt filed a complaint against numerous Defendants, including John E. DeVries, deceased, in his individual and official capacity. On August 22, 2014, Plaintiff filed a motion for substitution of party, seeking to substitute John E. DeVries, deceased, as a party Defendant with Jeshua Thomas Lauka as Special Personal Representative of the Estate of John E. DeVries, deceased. Plaintiff's motion for substitution is DENIED. Plaintiff cannot obtain substitution under Federal Rule of Civil Procedure 25(a) because John E. DeVries died on August 4, 1994, some 20 years before this action was filed. And Plaintiff cannot amend his complaint to make the substitution under Federal Rule of Civil Procedure 15 because, under Michigan's probate law, Plaintiff's claims against John DeVries's estate are time-barred, making any amendment futile. *See* Fed. R. Civ. P. 15, 17(b)(3), and Mich. Comp. Laws § 700.3803.

**I.     Background**

Plaintiff Gavitt (hereinafter "Gavitt") survived a March 9, 1995 house file. His wife and two daughters did not. State criminal charges were brought against Gavitt, and a jury trial was held in the Circuit Court for the County of Ionia. *See People v. David Lee Gavitt*, Ionia County Circuit Court Case No. 85-007555. In February 1986, a jury convicted Gavitt on three counts of murder committed in the perpetration of arson (first degree felony murder) and one count of arson to a dwelling place. The one count of arson was dismissed by the Court at sentencing. On April 18, 1986, Gavitt was sentenced to "imprisonment for life on each of the three counts of murder, to be served concurrently with each other." (Defs.' Ionia County, Gabry, Voet, Schaefer, and Benda Mot. for Sum. Judg., Ex. 5, 5/1/86 Judg. of Sentence.)

In September 2011, a motion for relief from judgment was filed on Gavitt's behalf by the University of Michigan Law School's Innocence Clinic, arguing that there was newly-discovered evidence of Gavitt's innocence, i.e., newly discovered scientific analysis of the origin and cause of the fire establishing that there was no arson. (*Id.* at Ex. 10, Brief at 16-37.) The parties stipulated to a stay of Gavitt's motion, allowing the Ionia Prosecutor's Office time for scientific review of Gavitt's claims. (*Id.* at Ex. 12, 9/15/11 Stip.) On June 6, 2012, after a thorough investigation, the Ionia County Prosecutor, on behalf of the People of the State of Michigan, responded to Gavitt's motion.

The Ionia Prosecutor acknowledged that, although "fire investigators" involved in the original investigation "held to a common understanding within fire investigation," it is now known that that "was inaccurate, specifically regarding the recognition and identification of unusual burn patterns in the floor as definitive evidence of ignitable liquid pour patterns.

Unfortunately, during that time period many fire investigators did not understand the phenomena of flashover and post-flashover and their effects on the production of unusual burn patterns in floors within compartments." (*Id.* at Ex. 14, People's Resp. at 16.) The Prosecutor also acknowledged that Gavitt had satisfied the requirements for a new trial.

> [T]he Peoples [sic] recent investigation confirms the 1985 findings which found the presence of accelerants on the carpet samples introduced at trial can no longer be independently verified as having a presence of ignitable liquids, specifically gasoline. Therefore, the parameters for meeting the legal requirement for a new trial are not disputed.

(*Id.*)

Despite an admission that "three independent analyses of the evidence suggest there was likely no gasoline on the carpet samples taken out of the Gavitt house in 1985," the Ionia Prosecutor emphasized that "there are still a great deal of questions surrounding this case which raise significant questions." (*Id.* at 18.) "Still today, these unanswered questions linger when looking at the case on the whole, even in light of the acknowledged findings in this response. In fact, this is the exact type of case that would have remained open had it not been prosecuted earlier; the type of case where justice would demand that it stay open." (*Id.* at 19.) Nonetheless, the Prosecutor acknowledged, "it does not change the fact that fire investigation has advanced in the twenty-seven years since this fire." (*Id.* at 19-20.)

The Prosecutor identified some of those fire investigation advances and explained why, in light of those advances, Gavitt cannot be retried.

> In particular, our understanding of flashover, post-flashover and the production of unusual burn patterns in floors, potentially identified as pour patterns, is different today than in 1985. Testing of materials in fire cases has also advanced, with more sophisticated instrumentation and analysis. Consequently, there is new evidence in this case and Defendant is entitled to a new trial. As

outlined, based on today's understanding of fire dynamics and the evolved level of fire investigation, this fire incident would likely be classified as undetermined and consequently the People will not be able to retry Defendant . . . . there is only one thing known with certainty, as of today, this case involves a fire of undetermined origin and cause. Having no laboratory verification of the presence of an accelerant, combined with what the People now know through scientific research and testing regarding flashover and post-flashover compartment fires, and the production of unusual burn patterns in the floor, the determination that an ignitable liquid (gasoline) was used to initiate the fire at the Gavitt residence cannot be verified. As a result, this is a case this office could not charge as arson based on the evidence available today. However, this is also a case that, if it was new today, this office would not close. There are simply too many questions, questions which may never be answered. Ultimately, this remains a case in which the lives of three innocent people were taken by a fire that can only be classified as having an undetermined origin and cause.

(*Id.* at 20.)

On June 6, 2012, the People of the State of Michigan and Gavitt stipulated that Gavitt's motion for relief from judgment be granted, that all charges against Gavitt be immediately dismissed, and that the Court order his immediate release from the custody of the Michigan Department of Corrections. (*Id.* at Ex. 15, 6/6/12 Stip.) That same day, the Ionia County Circuit Court issued an Order granting Gavitt's motion, dismissing all the charges against him, and ordering his immediate release. (*Id.* at Ex. 15, 6/6/12 Order.)

On June 2, 2014, Gavitt filed this civil rights action, pursuant to 28 U.S.C. § 1983, against numerous Defendants, including John E. DeVries, deceased, in his individual and official capacity as a technician of the Michigan State Police crime laboratory. (ECF No. 1, Compl., ¶¶ 50, 57)[1] In Counts 1 and 5, Gavitt alleges that Defendant John E. DeVries, deceased, intentionally misrepresented evidence, failed to correct incomplete and

---

[1]Plaintiff's state law claims, i.e., those in Counts 9, 10, and 11 alleging violations of state constitutional rights, obstruction of justice, and malicious prosecution, were dismissed without prejudice. (ECF No. 5, Order.)

-4-

misleading laboratory reports, failed to disclose exculpatory evidence, and intentionally withheld exculpatory evidence and thus directly or proximately caused Gavitt to be wrongfully imprisoned for 26 years thus depriving him of his liberty in violation of his substantive due process rights under the Fourteenth Amendment. (Compl., ¶¶ 206-217, 244-255.)

John E. DeVries died on August 4, 1994. No personal representative for Mr. DeVries estate was appointed until June 19, 2014 when Gavitt, as an interested party/creditor, filed a Petition with the Kent County Probate Court requesting one. (ECF No. 33, Pl.'s Mot., ¶ 5.)

On July 29, 2014, Probate Judge David Murkowski issued an Order granting Gavitt's Petition, finding that John DeVries died intestate, and appointing Jeshua Thomas Lauka as a special personal representative "solely to defend the pending Federal lawsuit, 2:14-cv-12164, *Gavitt v. DeVries, et al.*" (ECF No. 29, Ex. A, 7/29/14 Order.) On the same day, Letters of Authority were issued with the same limitation, "The personal representative's role is solely to defend the pending Federal Lawsuit, 2:14-cv-12164, *Gavitt v. Devries, et al.*" (*Id.*, Ex. A, 7/29/14 Ltrs. of Authority.)

**II. Analysis**

This matter is now before the Court on Gavitt's motion seeking to substitute Jeshua Thomas Lauka, Special Personal Representative of the Estate of John E. DeVries, deceased in place of named Defendant – John E. DeVries, deceased, individually, and in his official capacity as a technician of the Michigan State Police Crime Laboratory. Gavitt argues that this party substitution is permitted under Federal Rules of Civil Procedure 25(a)(1). Invoking Rules 15 and 4, he argues, in the alternative, that this Court should

allow Gavitt to amend his complaint, make the requested substitution, re-issue the summons, and permit Gavitt to serve the amended complaint on Mr. Lauka. *See* Fed. R. Civ. P. 15, 4.

Two responses have been filed. Defendants Ionia County, Gabry, Voet, Schafer, and Benda (former and current Ionia County Prosecutors) (hereinafter "County Defendants") filed a response that objects to Gavitt's "Statement of Relevant Facts" but takes no position on Gavitt's request for the substitution of party Defendants. (ECF No. 35, County Defs.' Mot.) Defendants Kalman, Fatchett, Hough, Davis, Madden, Munoz, Sturdivant, Etue, and Washington (former and current Michigan State Police Directors and former Michigan State Police officers and members of the arson strike force) (hereinafter "State Defendants") also filed a response. (ECF No. 38, State Defs.' Resp.) The State Defendants do oppose Gavitt's substitution of party Defendants, arguing that (1) Gavitt cannot obtain substitution under Rule 25(a) because John DeVries died before this § 1983 action was commenced; and (2) the requested amendment, adding DeVries's estate as a named Defendant, would be futile and thus should not be allowed under Rule 15 of the Federal Rules of Civil Procedure.

The Court now examines the parties' arguments.

### A. Plaintiff's Reliance on Rule 25(a) Is Misplaced

Rule 25 of the Federal Rules of Civil Procedure provides that:

(a) Death

    (1) *Substitution if the Claim is Not Extinguished.* <u>If a party dies</u> and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement

> noting the death, the action by or against the decedent must be dismissed.
>
> (2) *Continuation Among the Remaining Parties.* <u>After a party's death</u>, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. <u>A statement noting death</u> must be served in the same manner. Service may be made in any judicial district.
>
> \* \* \* \* \*
>
> (b) Public Officers; Death or Separation from Office. An action does not abate <u>when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending</u>. . . .

Fed. R. Civ. P. 25(a)(1), (b) (emphasis added).

According to its plain language, highlighted above, Rule 25 does not permit substitution when a claim is being asserted against someone who died <u>before</u> the plaintiff filed his complaint. Rather, it permits substitution when a party dies <u>after</u> the action has already commenced. *See Flick v. Vadlamudi, M.D.*, No. 1:09-cv-647, 2010 WL 3061096, *1 (W.D. Mich. July 16, 2010) (citing decisions and authority acknowledging that Rule 25(a) contemplates substitution for someone who is alive when the action is commenced), *Mgst. R & R approved & accepted*, 2010 WL 3061021 (W.D. Mich. Aug. 3, 2010). *See also* 25 Fed. Proc., L. Ed. § 59:452 (Sept. 2014) ("Fed. R. Civ. P. 25(a) contemplates substitution only for someone who has been made a party before his or her death, not someone who predeceased the filing of the action."). Because John DeVries died 20 years before Gavitt filed his complaint, Rule 25(a) does not allow the substitution he requests.

**B. Plaintiff's Claims Against John DeVries are Time-Barred**

Plaintiff Gavitt alternatively argues that Rules 15 and 17 of the Federal Rules of Civil Procedure allow him to substitute DeVries's estate for DeVries as a party Defendant. He is mistaken.

Federal Rule of Civil Procedure 17(a) addresses the joinder or substitution of "real parties in interest," and sets out the procedure for determining whether DeVries's estate has the capacity to be sued. *See* Fed. R. Civ. P. 17(b).[2] Rule 17(b)(3) requires the Court to consult Michigan law for the answer to that question. *See* Fed. R. Civ. P. 17(b)(3).

Michigan has a statute that determines when claims against an estate are time-barred. *See* Mich. Comp. Laws § 700.3803. Under that statutory scheme, the Court must first determine when Gavitt's claims against DeVries's estate arose or, stated otherwise, when those claims accrued.

**1. Plaintiff's Claims Against the DeVries Estate Arose/Accrued on June 6, 2012**

"As this is a § 1983 case, 'state law determines what statute of limitations applies' and

---

[2]Rule 17(b) provides as follows:

(b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:

(1) for an individual <u>who is not acting in a representative capacity</u>, by the law of the individual's domicile;

(2) for a corporation, by the law under which it was organized; and

(3) <u>for all other parties</u>, by the law of the state where the court is located . . . .

Fed. R. Civ. P. 17(b) (emphasis added).

'federal law determines when the statutory period begins to run.'" *Zanecki v. Health Alliance Plan of Detroit*, ___ F. App'x ___, 2014 WL 3973483, at *1 (6th Cir. Aug. 15, 2014) (quoting *Harrison v. Mich.*, 722 F.3d 768, 772 (6th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1023 (2014)). "Michigan's three-year statute of limitations applies, Mich. Comp. Laws § 600.5805(10)." *Id.* And, under federal law, the accrual date for Gavitt's claims against DeVries's estate, alleging an invalid conviction, are "controlled by the Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994)." *Harrison*, 722 F.3d at 771. Quoting *Heck*, the *Harrison* court explained:

> "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also *a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.*"

*Id.* at 772 (quoting *Heck*, 512 U.S. at 489-90 (citations and internal quotation marks omitted) (emphasis added by *Harrison* court).

Here, just as in *Harrison*, there is a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence. In *Harrison*, the plaintiff's § 1983 cause of action for damages alleged he was improperly sentenced and unlawfully confined in a Michigan prison for 18 months. *Id.* at 769-70. Here, Gavitt's § 1983 cause of action alleges that he was improperly convicted and unlawfully confined in a Michigan prison for 26 years. Just as in *Harrison*, Gavitt sought post-conviction relief from his judgment under Michigan Court Rule 6.502. Both the plaintiff in *Harrison* and Gavitt obtained the relief they sought. In *Harrison*, that relief was obtained in September 2008, when the Michigan Court of Appeals held that Harrison had been improperly sentenced to consecutive terms, reversed the trial court's decision, and remanded with orders for the state trial court to issue

a corrected judgment. *Id.* at 770, 772, 773. The *Harrison* court concluded that Harrison's § 1983 claims accrued in September 2008. It explained:

> [I]f Harrison had brought a § 1983 suit in 1990 when released from prison on the 1986 conviction, it would *necessarily* have been dismissed for failure to state a claim, because Harrison's 1986 conviction had not yet been reversed or his sentence corrected. That did not happen until the Michigan Court of Appeals ordered the state trial court to take such action in 2008. Before that date, any claim that Harrison might have alleged asserting the invalidity of his 1986 conviction, regardless of the relief sought, would have been – in the words of the *Heck* Court – "not cognizable under § 1983" for lack of a favorable termination.

*Id.* at 773 (quoting *Heck*, 512 U.S. at 487).

Here, Gavitt's § 1983 claims asserted against DeVries's estate accrued on June 6, 2012, the date the Ionia Circuit Court issued an Order granting Gavitt's motion for relief from judgment, dismissing all charges against him, and ordered his release from the custody of the Michigan Department of Corrections. (*Id.* at Ex. 15, 6/6/12 Order.)

Having determined that the claims Gavitt intends to assert against DeVries's estate arose after his 1994 death, this Court must consider whether Michigan's statute addressing claims against a decedent's estate are permitted here. *See* Mich. Comp. Laws § 700.3803.

### 2. Plaintiff's Claims Against DeVries's Estate Are Time-Barred

Michigan's statutory scheme distinguishes between claims against a decedent's estate that arose before or after the decedent's death. Here, the Court has determined that Gavitt's constitutional tort-based claims arose after John DeVries death. Thus, Mich. Comp. Laws § 700.3803(2)(b) applies. The relevant portions of § 700.3803(2) are as follows:

> (2) A claim against a decedent's estate that arises at or after the decedent's death . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, or based on contract, tort, or another legal basis, <u>is barred against the estate, the personal representative, and the decedent's heirs and devisees</u>,

<u>unless</u> presented within 1 of the following time limits:

(a) For a claim based on a contract with the personal representative, within 4 months after performance by the personal representative is due.

(b) For a claim to which subdivision (a) does not apply, <u>within 4 months after the claim arises</u> or <u>the time specified in subsection (1)(a)</u>, <u>whichever is later</u>.

Mich. Comp. Laws § 700.3803(2) (emphasis added).

Subsection (2)(a) does not apply. Under subsection (2)(b), this Court has determined that Gavitt's claims against DeVries's estate arose on June 6, 2012. Because Gavitt failed to file his § 1983 action within four months after June 6, 2012, the Court must look to the time specified in subsection (1)(a) to determine whether his claims against DeVries's estate are time-barred.

Subsection (1)(a) provides that:

(a) <u>If notice is given</u> in compliance with [Mich. Comp. Laws §§ 700.] 3801 or 7608, <u>within 4 months after the date of the publication of notice to creditors</u>, except that a claim barred by a statute at the decedent's domicile before the publication for claims in this state is also barred in this state.

Mich. Comp. Laws § 700.3803(1)(a) (emphasis added).

State Defendants argue, and Plaintiff Gavitt does not dispute, that the notice requirements of Mich. Comp. Laws §§ 700.3801 or 700.7608 have not been met. (State Defs.' Mot. at 12.) Thus, § 700.3803(1)(c) applies, giving Gavitt 3 years after John DeVries' death to file his claims:

(c) If the notice requirements of 3801 or 7608 have not been met, within 3 years after the decedent's death.

Mich. Comp. Laws § 700.3803(1)(c).

Reading subsections 3803(2)(b), 3803(1)(a), and 3803(1)(c) of Michigan's probate law together, Gavitt's § 1983 claims against DeVries's estate are time-barred because he

-11-

failed to file them within four months after those claims arose on June 6, 2012. Gavitt does not argue that any statutory exceptions apply, and State Defendants have persuasively shown why none do. (State Defs.' Mot. at 14-15.) Moreover, as State Defendants' persuasively argue, the Kent County Probate Court's order appointing Mr. Lauka as a special personal representative of John DeVries's estate, expressly limits his authority to defending against Gavitt's claims in this lawsuit. The arguments State Defendants raise here present just a defense. Based on the state Probate Court's order and letters of authority, Mr. Lauka cannot reject this defense.

### 3. Any Amendment Adding Claims Against DeVries's Estate Would Be Futile

Finally, this Court rejects Gavitt's alternative argument that he be allowed to amend his complaint to delete John DeVries, deceased, as a party Defendant; to add Mr. Lauka as a special personal representative of Mr. DeVries's estate as a party Defendant; and to assert § 1983 claims against the DeVries estate. For all the reasons discussed above, any amendment doing this would be futile. It is well-established that Rule 15 of the Federal Rules of Civil Procedure cannot be invoked to allow the addition of futile claims. *See Foman v. Davis*, 371 U.S. 178 (1962); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (observing that a proposed amendment "is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). Claims that are time-barred cannot withstand a Rule 12(b)(6) motion and are thus futile.

### III. Conclusion

For the above-stated reasons, Plaintiff's motion for substitution of party [33] is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  November 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2014, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager