UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. GAVITT,

    Plaintiff,

v.

JOHN E. DEVRIES, Deceased, Individually,
and In His Official Capacity as a Technician
of Michigan State Police Crime Laboratory,

    Defendant.
_____/

Case No. 14-12164

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [55]**

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. On June 2, 2014, Plaintiff David Gavitt filed a complaint against numerous Defendants, including John E. DeVries, deceased, in his individual and official capacity. On August 22, 2014, Plaintiff filed a motion for substitution of party, seeking to substitute John E. DeVries, deceased, as a party Defendant with Jeshua Thomas Lauka as Special Personal Representative of the Estate of John E. DeVries, deceased. On November 3, 2014, this Court issued an Opinion and Order denying Plaintiff's motion for substitution [ECF No. 47]. It held that (1) Plaintiff could not obtain substitution under Federal Rule of Civil Procedure 25(a) because John E. DeVries died on August 4, 1994, some 20 years before this action was filed; and (2) it would be futile to allow Plaintiff to amend his complaint to make the substitution under Federal Rule of Civil Procedure 15 because, under Michigan's probate law, Plaintiff's claims against John DeVries's estate are time-barred, making any amendment futile. *See*

Fed. R. Civ. P. 15, 17(b)(3), and Mich. Comp. Laws § 700.3803.

Specifically, as to its holding that Plaintiff's claims against John DeVries's estate were time barred, this Court relied on Defendants' unrefuted argument (State Defs.' Mot. at 12) that, because Plaintiff had not shown that the notice requirements of Mich. Comp. Laws §§ 700.3801 or 700.7608 had been satisfied, § 700.3803(1)(c) applied, giving Plaintiff Gavitt three years after John DeVries's death on August 4, 1994 to file claims against his estate. (ECF No. 47, Opin. & Order at 11.) This matter is now before the Court on Plaintiff's motion for reconsideration.

Plaintiff argues that, <u>after</u> the Court issued its Opinion on November 3, 2014 denying his motion for substitution, he discovered that Special Personal Representative Lauka did publish a notice to creditors of DeVries's Estate on August 13, 2014. Plaintiff makes this assertion despite the fact that:

- Defendants raised the statute-of-limitations and lack-of-notice-to-creditors' arguments in their Response to Plaintiff's motion for substitution, and Plaintiff failed to address the issue in a Reply (indeed Plaintiff failed to even file a Reply) or at this Court's hearing on that motion;

- Plaintiff's counsel went to State Probate Court on June 19, 2014 (17 days after filing his Complaint) seeking to have Attorney Lauka appointed as a personal representative of Mr. DeVries's Estate;

- Attorney Lauka -- who was appointed as the <u>Special</u> Personal Representative of Mr. DeVries's Estate "solely to defend" this pending federal lawsuit (ECF No. 47, Opin. & Order at 5) on July 29, 2014 – has his office in the same building as Plaintiff's counsel.

Plaintiff now argues that the Court's November 3, 2014 decision denying his motion

for substitution should be granted based on this "newly-discovered" evidence. Plaintiff also relitigates an argument previously raised and implicitly rejected by the Court in its November 3, 2014 Opinion – that his claims against DeVries's Estate are not time barred because they may be protected by liability insurance.

**I.    Standard of Review**

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(h). To persuade the court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties and other parties entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case. *Id.*

**II.    Analysis**

   **A. Relitigation of Liability Insurance Does Not Warrant Reconsideration**

As an initial matter, this Court rejects Plaintiff's attempt to relitigate the issue whether his claims against DeVries's Estate are time barred because they may be protected by liability insurance (relying on Mich. Comp. Laws § 700.3803(3)(b)).[1] First, as Local Rule

---

[1] Subsection 4804(3) provides that:

(3)  This section does not affect or prevent any of the following:

\* \* \* \* \*

(b)     A proceeding to establish the decedent's or the personal representative's liability for which the decedent or the personal

7.1(h) provides, motions for reconsideration are generally not granted when based on arguments raising the same issues ruled on by the Court, either expressly or by reasonable implication. Second, as revealed in Michigan State Police Captain Greg Zarotney's affidavit, "[t]here is no policy of liability insurance applicable to the claims pled" in Plaintiff's lawsuit, "nor any policy held by, payable to or on behalf of, or known to, the Michigan State Police which would apply to, or provide coverage for, the claims raised" in this lawsuit, "or claims made against the estate of John DeVries, a prior State of Michigan employee, who was employed at the Michigan State Police crime laboratory decades ago." (Defendant MSP Directors' Resp., Ex. D, Zarotney Aff., ¶¶ 1-4.) Zarotney further avers that "[t]he Michigan State Police did not purchase liability insurance to indemnify and protect against loss to the Michigan State crime laboratory or its personnel, including Mr. DeVries. As such, there is not a policy of liability insurance which would apply to, or protect, the decedent, Mr. DeVries, or the personal representative of his estate." (*Id*. at ¶ 4.) Finally, Captain Zarotney avers that he is aware of the Michigan statute, Mich. Comp. Laws § 691.1408,[2] which provides that there is no requirement that the Michigan State Police

---

representative is protected by liability insurance to the insurance protection limits only.

[2]This statutory provision provides that:

(1) Whenever a claim is made or a civil action is commenced against an officer, employee, or volunteer of a governmental agency for injuries to persons or property caused by negligence of the officer, employee, or volunteer while in the course of employment with or actions on behalf of the governmental agency and while acting within the scope of his or her authority, the governmental agency <u>may pay for</u>, engage, or furnish the services of an attorney to advise the officer, employee, or volunteer as to the claim and to appear for and represent the officer, employee, or volunteer in the action. The governmental agency <u>may compromise, settle, and pay the claim</u> before or after the commencement of a civil action. Whenever a judgment for damages is awarded against an officer,

represent and/or indemnify employees with regard to claims arising during the course of their employment; and that the Michigan State Police have "no intention of indemnifying the Estate of John DeVries should a judgment be entered against it." (*Id.* at ¶ 5.)

**B. Plaintiff Fails To Meet Standard For "Newly-Discovered" Evidence**

Next, the Court rejects Plaintiff's argument that Special Personal Representative Lauka's publication of the notice to creditors on August 13, 2014 is "newly-discovered" evidence. It is well-established that "[t]o constitute newly discovered evidence, the evidence must have been previously unavailable." *Turcar, LLC v. I.R.S.*, 451 F. App'x 509, 516 (6th Cir. 2011) (internal quotation marks and citations omitted) (observing that this Court's local rules "mirror[ ] the standards" that apply to Rule 59(e) motions to alter or amend a judgment). *Accord, CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008) (observing that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). Similar to the plaintiff in *Turcar, LLC*, Plaintiff here cannot dispute that the published notice to creditors <u>was</u> available while his motion for substitution was pending. *See id.* at 517. Likewise, similar to the plaintiff in *Turcar, LLC*, Defendants' response to Plaintiff's motion for substitution put him on notice of their statute of limitations argument and the importance of exercising due diligence to discover whether the Special Personal Representative had published a notice to creditors that may affect a decision whether his claims were time-barred as Defendants argued and to supplement the record with that notice. *See id.*

---

      employee, or volunteer of a governmental agency . . . the governmental agency <u>may indemnify</u> the officer, employee, or volunteer or pay, settle, or compromise the judgment.

(Emphasis added).

Plaintiff failed to do so. Plaintiff failed to file a Reply raising the arguments he now asserts and failed to attach the notice to creditors that was published on August 13, 2014, well before the Court's October 29, 2014 hearing. Accordingly, Plaintiff is not entitled to reconsideration based on evidence that was available at the time his motion for substitution was pending or arguments that could have but were not raised at that time. But, because the evidence Plaintiff now puts forward would have affected the outcome if considered, i.e., the Court's decision that any amendment would be futile, this Court will GRANT IN PART Plaintiff's motion for reconsideration. *See Tolbert v. Potter*, 206 F. App'x 416, 417-18 (6th Cir. 2006).

### C. Would Substitution of Estate For Decedent Be Futile

Considering that Special Personal Representative Lauka did publish a notice to creditors on August 13, 2014, and reading subsections 3803(2)(b), 3803(1)(a), and 3803(1)(c) of Michigan's Probate Court, Plaintiff Gavitt's § 1983 claims against Mr. DeVries's Estate would not be time-barred under subsection under Mich. Comp. Laws § 3803(1)(c), contrary to what this Court previously held. Thus, an amendment substituting DeVries's Estate for decedent would survive a Rule 12(b)(6) motion raising a statute-of-limitations defense and would not be futile. Plaintiff's claims against Mr. DeVries's Estate, however, face another hurdle – the Court must consider if allowing Plaintiff to amend his Complaint and substitute DeVries's Estate as opposed to the decedent in Counts I and IV would be futile on other grounds. In large part, any such amendment would be futile. The Court's reasoning follows.

#### 1. Eleventh Amendment Immunity Bars all Official Capacity Claims

Plaintiff's Complaint asserts two claims against DeVries, both in his individual

capacity, although the caption states that DeVries is being sued in both his individual and official capacity. (Compl., Count I and Count IV and Caption.) Any claims asserted against DeVries in his official capacity would be futile because they would be considered claims against the State and thus barred by Eleventh Amendment immunity.

### 2. Claims Asserted in Count IV Against the DeVries's Estate Would Be Futile

In Count IV, Plaintiff alleges that, "[a]ssuming Defendant DeVries did not know he was misrepresenting factual evidence in his testimony, Defendants DeVries, Kalman, Fatchett, and Directors of the MSP, all intentionally and in bad faith" failed to disclose exculpatory evidence "to Gavitt and his counsel." (Compl., ¶ 244.) It would be futile to allow Plaintiff to reassert the claims in Count IV against Mr. Lauka as special personal representative of Mr. DeVries's estate for the same reasons these claims were dismissed against Defendants Kalman and Fatchett. (*See* Opin. & Order granting Defendants Kalman's and Fatchett's motion to dismiss at 25-26.)

### 3. All But One Portion of Claim Asserted in Count I Against DeVries's Estate Would Be Futile

In Count I, Plaintiff Gavitt ("Gavitt") alleges that Defendant DeVries intentionally and in bad faith misrepresented evidence against him thus causing him to be convicted without due process in violation of the Fourteenth Amendment and caused him to be wrongfully imprisoned for 26 years. (Compl., ¶¶ 205-217.) Specifically, Gavitt alleges that DeVries violated his due process rights "by creating and submitting findings from his faulty 'flame spread' experiment and erroneous gas chromatograph results that he claimed showed that two sections of carpet had evidence of gasoline present;" (2) failing "to correct his incomplete and misleading evidence" in 1985 and continuing through Gavitt's trial in February 1986; and (3) failing "to correct the incomplete and misleading lab report" <u>after</u>

Gavitt's conviction in 1986 and continuing through 2012 (even though DeVries died in 1994). (*Id.* at ¶¶ 206, 214-217.)

Construing the allegations in Gavitt's Complaint in his favor, the alleged misrepresentations occurred during three different time periods: (1) during the investigation stage; (2) during Gavitt's criminal prosecution; and (3) after Gavitt's conviction. The Court considers the second time period first.

### a. Absolute Witness Immunity

It is not disputed that Defendant DeVries testified at Gavitt's preliminary examination hearing and criminal trial. As the Sixth Circuit observed in *Moldowan v. City of Warren*, 578 F.3d 351 (6th Cir. 2009), "'all witnesses – police officers as well as lay witness – are absolutely immune from civil liability based on their trial testimony in judicial proceedings.'" *Id.* at 390 (quoting *Brisco v. LaHue*, 460 U.S. 325, 328 (1983)). In fact, "[a] witness is entitled to testimonial immunity no matter how egregious or perjurious that testimony was alleged to have been." *Id.* (internal quotations marks and citation omitted). "Moreover, the mere fact that plaintiffs may allege a conspiracy to render false testimony, as opposed to simply alleging that one person testified falsely at trial, does not waive absolute testimonial immunity." *Id.* (internal quotation marks and citation omitted). Accordingly, DeVries and thus his Estate is entitled to absolute immunity regarding any testimony he gave during judicial proceedings.

The Court now addresses the post-conviction time period.

### b. No Ongoing Post-Conviction *Brady* Obligation

There is no ongoing constitutional due process obligation post-conviction to provide exculpatory evidence (*Brady* materials) except where state post-conviction procedures are

inadequate. *See Dist. Attorney's Office fo the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009). Gavitt does not and cannot allege that Michigan's post-conviction procedures were inadequate. He successfully used Michigan's post-conviction relief procedures, i.e., filing a motion for relief from judgment under Mich. Ct. Rule 6.502(G)(2), based upon newly-discovered evidence, and obtained his release from prison and the dismissal of the arson and felony murder charges on which he was previously convicted. Gavitt, therefore, cannot state a § 1983 claim against DeVries's Estate for any alleged failure to disclose any exculpatory evidence post-conviction.

As the Supreme Court observed in *Osborne*, although a convicted defendant does "have a liberty interest in demonstrating his innocence with new evidence under state law," and that "state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right," the "Due Process Clause" does not require "that certain familiar preconviction trial rights," specifically, the duty to disclose exculpatory evidence, "be extended to protect [the defendant]'s postconviction liberty interest." *Osborne*, 557 U.S. at 68.

In *Osborne*, the Supreme Court reversed the Ninth Circuit Court of Appeals' decision and explained that there is no ongoing obligation under the Due Process Clause to provide *Brady* materials after a defendant's conviction:

> The Court of Appeals went too far, however, in concluding that the Due Process Clause requires that certain familiar preconviction trial rights be extended to protect Osborne's postconviction liberty interest. After identifying Osborne's possible liberty interests, the court concluded that the State had an obligation to comply with the principles of *Brady v. Maryland*, 373 U.S. 83 [(1963]). In that case, we held that due process requires a prosecutor to disclose material exculpatory evidence to the defendant before trial. The Court of Appeals acknowledged that nothing in our precedents suggested that this disclosure obligation continued after the defendant was convicted and the case was closed but it relied on prior Ninth Circuit precedent applying *Brady* as a post-

conviction right. Osborne does not claim that *Brady* controls this case, . . . and with good reason.

*Id.* at 68 (internal quotation marks and citations omitted).

So, any individual capacity § 1983 claims asserted by Gavitt against DeVries's Estate based upon an alleged failure to disclose exculpatory evidence post-conviction fails to state a claim for relief, and any amended Complaint asserting this claim would be futile.

### c. Count I Claim Addressing Investigation Time Period Would Not Be Futile

The only claim that would survive a Rule 12(b)(6) motion to dismiss and thus not be futile in Count I is that based on alleged misrepresentations occurring during the investigation time period. Accordingly, Plaintiff Gavitt's motion for reconsideration is GRANTED as to this single claim in Count I.

### III. Conclusion

For the above-stated reasons, Plaintiff's motion for reconsideration is GRANTED IN PART as clarified in the immediately preceding paragraph.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 15, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager