UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. GAVITT,

    Plaintiff,

v.

JESHUA T. LAUKA, special personal representative of the estate of JOHN E. DEVRIES, deceased,

    Defendant.
_____/

Case No. 14-12164

Honorable Nancy G. Edmunds

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [76] AS TO DEFENDANT JESHUA T. LAUKA, AS SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN DEVRIES, DECEASED**

This civil rights case brought pursuant to 42 U.S.C. § 1983 is now before the Court on Plaintiff's second motion for leave to file an amended complaint. (Dkt. 76). A brief summary of the relevant procedural posture provides some helpful perspective.

On August 22, 2014, Plaintiff filed a motion for substitution of party, seeking to substitute John E. DeVries, deceased, as a party Defendant with Jeshua Thomas Lauka as Special Personal Representative of the Estate of John E. DeVries. (Dkt. 33). The Court initially denied Plaintiff's motion (Dkt. 47), but later altered its decision in light of new evidence establishing that the notice requirements under Mich. Comp. Laws §§ 700.3801 and 700.7608 were satisfied. (Dkt. 69). Significantly, however, the Court defined Plaintiff's right to substitution in a very limited manner, finding that: "[t]he only claim that would survive a Rule 12(b)(6) motion to dismiss and thus not be futile in Count I is that based on alleged misrepresentations occurring during the investigation time period. Accordingly,

Plaintiff['s] . . . motion . . . is [granted] as to this single claim in Count I." *Id.* at 10.

On December 8, 2014–prior to the Court's Order permitting a limited right of substitution–Plaintiff filed his first motion to amend the complaint ("original motion to amend"). (Dkt. 63). Worthy of note, Plaintiff's original motion to amend included five claims against DeVries, to wit: Count I, intentional misrepresentation of evidence; Count II, violation of Plaintiff's constitutional rights by failing to disclose exculpatory evidence; Count III, (same); Count IV, conspiracy to violate Plaintiff's constitutional rights; and Count VII, malicious prosecution. On December 15, 2015, the Court expressly denied Plaintiff's motion to amend "except [as to] one portion of the claim asserted in Count I . . . against DeVries . . . ." (Dkt. 70). In other words, the Court, standing by its decision with respect to substitution, permitted Plaintiff's motion to amend only with respect to the claim against DeVries in Count I "based on alleged misrepresentations occurring during the investigation time period." (Dkt. 69 at 10). All other claims–including those recited above–were considered and denied as moot. (Dkt. 70).

Bearing all of this in mind, the Court is now tasked with determining the propriety of Plaintiff's second motion to amend, which directly contravenes both the limited grant of substitution and the Court's decision concerning Plaintiff's original motion to amend. Indeed, Plaintiff seeks to add three claims against Lauka, two of which–Count II and Count III–fall squarely within the subject matter previously considered and rejected by the Court.

Accordingly, the Court GRANTS IN PART Plaintiff's second motion to amend only with respect to "alleged misrepresentations occurring during the investigation time period" pled under Count I. All remaining claims are denied as moot for the same reasons previously articulated. Plaintiff is directed to file his amended complaint consistent with the

2

terms of this Order.

    SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: February 27, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2015, by electronic and/or ordinary mail.

                s/Carol J. Bethel
                Case Manager