UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. GAVITT,

    Plaintiff,

v.

BRUCE BORN, special personal representative of the estate of JOHN E. DEVRIES, deceased,

    Defendant.

_____/

Case No. 14-12164

Honorable Nancy G. Edmunds

**ORDER CERTIFYING JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

On December 15, 2014, the Court granted Defendants' motion to dismiss the following parties from this action: City of Ionia, Ionia County, Gary Gabry, Raymond Voet, Gail Brenda, Ronald Schafer, Gerald Hough, Kenneth Voet, Randall Klein, Ritchie Davis, Stephen Madden, Tadarial Sturdivant, Peter Munoz, Eddie Washington, Jr., Kriste Etue, John Fatchett, and John Kalman ("Dismissed Defendants"). (Dkt. 65, 66, 67, 68). This series of orders resulted in the dismissal of all Defendants with the exception of Bruce Born- personal representative of the estate of John E. DeVries. On August 24, 2015, the Court denied Born's motion to dismiss on the basis of qualified immunity. (Dkt. 93). Shortly thereafter, Born filed a notice of interlocutory appeal which is currently pending before the Sixth Circuit. (Dkt. 94). The Dismissed Defendants now seek an order certifying judgment to simultaneously pursue their appellate rights.

Under Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the

court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Certification under Rule 54(b) is a two-step process. "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994) (internal quotation marks and alterations omitted).

The Court finds that there is no just reason to delay appellate review of the Dismissed Defendants' claims. With respect to the "entry of final judgment", there is no question that the Court's December 15, 2014 orders constituted a final disposition. *See Sun Pharm. Indus. Ltd. v. Eli Lilly & Co.*, No. 07-15087, 2009 WL 3497797, at *2 (E.D. Mich. Oct. 29, 2009) ("[t]he August 17, 2009 Order constituted the ultimate disposition of the parties' claims and counterclaims relating to Eli Lilly's '826 Patent, meeting the finality requirement of Rule 54(b)"). In other words, there is no threat that the need for review might be "mooted by future developments in the district court", or "the possibility that the reviewing court might be obliged to consider the same issue a second time." *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,* 807 F.2d 1279, 1283 (6th Cir. 1986). Moreover, judicial economy is best served by immediate review where, as here, the Sixth Circuit is already considering the same set of material facts in conjunction with Born's qualified immunity appeal. *See Marcilis v. Redford Twp.*, 09-11624, 2011 WL 284466, at *4 (E.D. Mich. Jan. 25, 2011) ([i]f, instead, the Court were to deny Plaintiffs' instant motion under Rule 54(b), the Court of Appeals may have to revisit the same set of facts.").

Upon considering the interests of judicial administration and the framework applicable

to Rule 54(b) certification requests, the Court finds that there is no just reason to delay the entry of final judgment against the Dismissed Defendants. Accordingly, a final judgment will enter designating the Court's December 15, 2014 orders (Dkt. 65, 66, 67, 68) as final pursuant to Rule 54(b).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  November 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager